**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**KELLA BROWN, on behalf of and for the
benefit of JONATHAN R. PHILLIPS,
deceased,**

   **Plaintiff,**

**v.**              **CASE NO. 5:11-cv-405-RS-EMT**

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a New
Jersey corporation, and UNKNOWN
BENEFICIARY OF OSGO GROUP
POLICY G-32000,**

   **Defendants.**
_____/

**THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,**

   **Third-Party Plaintiff,**

**v.**

**DEBORAH PHILLIPS,**

   **Third-Party Defendant,**
_____/

## <u>ORDER</u>

   Before me are Deborah Phillips's Motion for Summary Judgment (Doc. 24),

Prudential Insurance Company of America's Response and Cross-Motion to

Interplead and Dismiss (Doc. 29), Deborah Phillips's Response to the Cross-

Motion to Interplead and Dismiss (Doc. 33), Kella Brown's Response to the

Motion for Summary Judgment and the Cross-Motion to Interplead and Dismiss

(Doc. 34), and Deborah Phillips's Reply (Doc. 35).

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is

"whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).

The moving party has the burden of showing the absence of a genuine issue as to

any material fact, and in deciding whether the movant has met this burden, the

court must view the movant's evidence and all factual inferences arising from it in

the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398

U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

Thus, if reasonable minds could differ on the inferences arising from undisputed

facts, then a court should deny summary judgment. *Miranda v. B & B Cash*

*Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank*

*& Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However,

a mere 'scintilla' of evidence supporting the nonmoving party's position will not

suffice; there must be enough of a showing that the jury could reasonably find for

that party.  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing

*Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to the non-movant.  *See Galvez*

*v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d

1340, 1343 n.1 (11th Cir. 2002)).  " 'All reasonable doubts about the facts should

be resolved in favor of the non-movant.' "  *Id.* (quoting *Burton v. City of Belle*

*Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684

F.2d 1365, 1368-69 (11th Cir. 1982).

The deceased, Jonathan R. Phillips, was a veteran of the United States Air

Force.  Through the Office of Servicemember's Group Life Insurance ("OSGLI"),

Prudential Insurance Company of America ("Prudential") provided Group Life

Insurance benefits to the United States Department of Veteran Affairs under group

policy number G-3200 (the "Plan").  Jonathan Phillips was insured under the Plan,

and at the time of his death, Plan benefits in the amount of $50,000 (the "Death

Benefit") became due and payable.

On September 5, 2008, Jonathan Phillips named Deborah Phillips, his wife

at the time, as the sole designated beneficiary to the Plan.  (Doc. 24, Ex. A).

Jonathan Phillips died on August 9, 2011.  Because Deborah Phillips was still

listed as the sole beneficiary, OSGLI processed the Premium Refund to her in November 2011.

On or about November 17, 2011, Kella Brown commenced this action seeking a declaratory judgment to award her the Death Benefit.  Brown contends that after Jonathan and Deborah Phillips were divorced, he revoked his Last Will and Testament and replaced it with a new once on November 5, 2009, and that he notified "the Department of Veteran Affairs of the removal of Kelly from all benefits, policies, and other entitlements comprised within Phillips' military pension plan; to include the benefits due under Philips' SGLI Policy G-3200." (Doc. 34).  Brown's contention is that Jonathan Phillips intended to remove Deborah Phillips as the sole beneficiary.

### III. ANALYSIS

The Administrator of Veteran Affairs contracted with Prudential to serve as the primary insurer under the SGLIA.  The Administrator has also promulgated regulations implementing the SGLIA, pursuant to his general rulemaking authority over veterans' programs.  *Ridgway v. Ridgway*, 454 U.S. 46, 53 (1981).

> These [regulations] provide that the insured "may designate any person, firm, corporation, or legal entity" as a policy beneficiary, and any such "designation or change of beneficiary … will take effect only if it is in writing, signed by the insured and received [by the appropriate office] prior to the death of the insured."  A change of beneficiary "may be made at any time and without the knowledge or consent of the previous beneficiary." And "[n]o change or cancellation of beneficiary … in a last will or

testament, or in any other document shall have any force or effect unless such change is received by the appropriate office."

*Id.* (internal citiations omitted)(citing 38 C.F.R. § 9.16).

Brown acknowledges that the beneficiary of the insurance policy at issue was not changed prior to the insured's death.  (Doc. 35, "[T]he only benefit that was not changed was the policy in dispute in this instant action.")  Although the deceased divorced Deborah Brown and changed his last will and testament, a new beneficiary to this policy was never designated in writing to Prudential, the appropriate office.  Therefore, Deborah Phillips is the proper beneficiary to the Death Benefit and Premium Refund under the Plan.

## IV. CONCLUSION

Deborah Phillips's Motion for Summary Judgment (Doc. 24) is **GRANTED**.  The Clerk shall enter a judgment awarding Deborah Phillips the Death Benefit and Premium Refund with interest, costs, and attorneys' fees.  Prudential's Cross-Motion to Interplead and Dismiss (Doc. 29) is **DENIED as moot**.  The Clerk is directed to close the case.


**ORDERED** on May 18, 2012.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**